Mathew K. Higbee, Esq. SBN 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

*Attorney for Plaintiff,*
TAMARA WILLIAMS,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS<br><br>Plaintiff,<br><br>v.<br><br>CC PERMANENT MAKEUP INC d/b/a CINDY CHOE STUDIO.; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 2:25-cv-2185<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Tamara Williams alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within this judicial district, Defendant's acts of infringement complained of herein occurred in this judicial district, and Defendant caused injury to Plaintiff within this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts

and omissions giving rise to the claims occurred, Defendant resides in or can be found in this district, Defendant conducts regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

## PARTIES

5. Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer.

6. Defendant CC Permanent Makeup, Inc. d/b/a Cindy Choe Studio ("Defendant" or "CCS") is a California corporation with a principal place of business in Los Angeles, California.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

### *Plaintiff Tamara Williams is a professional photographer*

9. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean model portraiture featured on her highly popular Instagram account

1  @tamarawilliams (previously @tamarawilliams1), which has amassed over 600,000
2  followers.
3      10.  Williams' work has been featured in top publications such as *Vogue,*
4  *Harper's Bazaar, Marie Claire, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim,*
5  and many more. Additionally, her work has been used commercially by brands such
6  as *NARS, KKW, Fenty*, and *Benefit*.
7      11.  Williams is the sole creator and exclusive rights holder to a beauty
8  photograph of model Antonia Freya Lydia ("Antonia Photograph").
9      12.  Attached hereto as Exhibit A is a true and correct copy of the Antonia
10 Photograph.
11     13.  Williams registered the Antonia Photograph with the United States
12 Copyright Office under Registration No. VA 2-248-051 with an effective date of
13 registration of March 31, 2021.
14     14.  Attached hereto as Exhibit B is a true and correct copy of Registration
15 VA 2-248-051.
16     15.  The Antonia Photograph was initially published on Williams' own
17 Instagram page, and contained a watermark of William's Instagram username
18 "@tamarawilliams1" ("Plaintiff's Watermark").
19     16.  Attached hereto as Exhibit C is a true and correct screenshot of the
20 Antonia Photograph as initially published by Plaintiff, including Plaintiff's
21 Watermark.
22     17.  Williams is the sole creator and exclusive rights holder to a beauty
23 photograph of model Christina Nadin ("Christina Photograph").
24     18.  Attached hereto as Exhibit D is a true and correct copy of the Christina
25 Photograph.
26     19.  Williams registered the Christina Photograph with the United States
27 Copyright Office under Registration No. VA 2-116-920 with an effective date of
28 August 23, 2018.

20. Attached hereto as Exhibit E is a true and correct copy of Registration VA 2-116-920.

21. The "Antonia Photograph" and the "Christina Photograph" shall collectively be referred to as the "Beauty Photographs".

*Defendant CC Permanent Makeup Inc is a commercial business with online marketing*

22. Upon information and belief, Defendant is and was at all relevant times, the owner and operator of a commercial website https://cindychoestudio.com/ ("Defendant's Website").

23. According to Defendant's Website, CCS is a medical spa specializing in permanent makeup. CCS provides services like Scarlet SRF; Microblading; injectables; and permanent makeup applications for eyes, lips, and beauty marks. *See generally* https://cindychoestudio.com/.

24. As part of Defendant's services, CCS also provides an "Academy" where people can sign up to learn how to apply permanent makeup from CCS and its founder. See generally *https://cindychoestudio.com/academy*.

25. CCS manages, operates, and controls an Instagram page @cindychoestudio ("Defendant's Instagram") which promotes Defendant's products and services.

26. On information and belief, Defendant's Instagram generates content in order to promote Defendant(s)' products, attract social media followers and user traffic to Defendant's Website, and generate profit and revenue for the company and its owner(s).

27. Specifically, Defendant's Instagram contains a biography section with an active hyperlink that will take the user to Defendant's Website, which provides links to purchase Defendant's services and information about Defendant's services and Academy.

28. At all relevant times, Defendant's Instagram was readily accessible to

the general public throughout California, the United States, and the world.

29. At all relevant times, Defendant had a direct financial interest in the content and activities of Defendant's Website and Defendant's Instagram (including the activities alleged in this Complaint).

### *Defendant's Infringing Conduct*

30. On or about September 2, 2024, Williams discovered her Antonia Photograph and her Christina Photograph published on Defendant's Instagram in an Instagram Reel captioned "Have you ever considered getting freckles tattoo – Ask for more information #freckles #sunkissedfrekcles #beautymarks #cindychosestudio #ccpermanentmakeup #ccskinlabbeverlyhills #facetatoo #eyebrows #facetattoo." ("Freckles Infringement").

31. Attached hereto as Exhibit F is a true and correct screenshot of the Beauty Photographs published to and displayed on Defendant's Instagram as part of the Freckles Infringement.

32. On or about September 2, 2024, Williams discovered her Antonia Photograph in a second post published on Defendant's Instagram with the caption "Getting California Summer Ready Get That Natural Sunkist Look #beverlyhills #medspa #beauty #permancentmakeup #fauxfreckles #beautymarkes #micorpicmentation #microblading #eyebrows #eyelashes #skincare #scarletsrf #beautyprofessional #beautyobsessed #beautytips #beautybloggers #beautymakeup #beautyjunkie #xbeauty #lips #lipcolor #lipblush #lipfiller #injectibles #botox #juvaderm #dyisport #naturalbeauty #naturallook #hollywood" ("Antonia Infringement").

33. The Antonia Photograph as used by Defendant in Antonia Infringement contained Plaintiff's Watermark.

34. Attached hereto as Exhibit G is a true and correct screenshot of the Antonia Photograph published to and displayed on Defendant's Instagram in Antonia Infringement.

35. The Freckles Infringement and the Antonia Infringement shall collectively be referred to as the "Infringing Posts".

36. Shortly after discovering the unauthorized use of the Beauty Photographs, Williams, through counsel, reached out to Defendant to have the Beauty Photograph removed from Defendant's Instagram and so that Williams could be compensated for the unauthorized use of her Beauty Photographs but the parties were unable to reach a resolution.

37. In no event did Williams consent to, authorize, or provide Defendant with a license to make a copy or publicly display the Beauty Photographs on Defendant's Instagram with the Infringing Posts or in any other manner.

38. Williams is informed and believes Defendant (including their employees, agents, contractors or others over whom they have responsibility and control) created unauthorized copies of the Beauty Photographs and caused it to be uploaded to and displayed on Defendant's Instagram.

39. Williams is informed and believes that the purpose of the use of the Beauty Photographs on Defendant's Instagram was to promote and encourage sales of Defendant's services by providing a high-quality, professionally-produced photograph to assist the viewer in visualizing the results that could be achieved by using Defendant's services

40. Specifically, Defendant used the Beauty Photographs in the Infringing Posts to ask visitors to the page if they have "ever considered getting freckles tattoo". Additionally, Defendant used multiple hashtags in each of the Infringing Posts that included services Defendant offers, showing Defendant's intent to use the Beauty Photographs to encourage people to book their services.

41. Williams is informed and believes Defendant (including their employees, agents, contractors or others over whom they have responsibility and control) used, displayed, published, posted, and otherwise held out to the public Williams' original and unique Beauty Photographs in order to acquire a direct

financial benefit, through revenue from the sales of Defendant's services, from the use of the Beauty Photographs.

42. On information and belief, Defendant's use of the Beauty Photographs was deliberate and willful because it knew or should have known that it did not purchase a license to use the Beauty Photographs.

43. Specifically, Defendant knew or should have known that the Antonia Photograph belonged to Plaintiff because Plaintiff's Watermark was affixed to the Antonia Photograph and Defendant did not purchase a license to use the Antonia Photograph but copied and displayed the Antonia Photograph on Defendant's Instagram despite notice of who owns the copyright in the Antonia Photograph.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq.*

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Beauty Photographs.

45. Williams owns valid copyrights in the Beauty Photographs.

46. Williams registered the Beauty Photographs with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

47. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's rights in the copyrighted Beauty Photographs in violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Beauty Photographs of the Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

48. Specifically, Defendant made an unauthorized copies and then publically displayed the Beauty Photographs with the Infringing Posts on

Defendant's Instagram.

49. As a result of Defendants' violations of Title 17 of the U.S. Code, Williams has sustained significant injury and irreparable harm.

50. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

51. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

52. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

/ / /
/ / /

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendants infringed Williams' copyright interest in the Beauty Photographs by copying, displaying, and distributing them without a license or consent;

- For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For costs of litigation and reasonable attorney's fees against each Defendant pursuant to 17 U.S.C. § 505;

- For an injunction preventing each Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: March 12, 2025                            Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Tamara Williams hereby demands a trial by jury in the above matter.

Dated: March 12, 2025

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*